UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-90038 |
| | : | CHAPTER 7 |
| DONALD K. GRANDA AND JUDITH A. | : | |
| GRANDA, DEBTORS | : | |

### MEMORANDUM AND ORDER

Donald K. Granda and Judith A. Granda ("Debtors") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on November 18, 2005. For bankruptcy cases filed after October 17, 2005, certain new requirements are imposed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Included are requirements for education both before and after the filing of a bankruptcy Petition.

### Mandatory Prebankruptcy Credit Counseling

An individual is ineligible to be a debtor under Title 11 unless, within 180 days preceding the filing, the debtor received from an approved, nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. §109(h)(1).

### Mandatory Postfiling Financial Management Course

The BAPCPA requires an individual debtor to complete an instructional course concerning personal financial management after filing the Petition in order to obtain a discharge in a Chapter 7 case. 11 U.S.C. §727(a)(11). An individual who fails to complete an instructional course concerning personal financial management shall not be granted a discharge. Id.

Discussion

Debtor completed the credit counseling requirement on November 15, 2005 as evidenced by Certificate Number 423334 issued by the Advantage Credit Counseling Service ("ACCS").

At Document No. 2 on the docket, Debtors filed DEBTOR'S CERTIFICATION OF COMPLETION OF INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT (the "Certification").  Debtor indicates that, "We, Donald K. Granda, Sr. And Judith A. Granda, the debtors in the above-styled case hereby certify that on November 15, 2005, we completed an instructional course in personal financial management provided by Advantage Credit Counseling Service, an approved personal financial management instruction provider."

Debtors do not understand that the two educational requirements represent two distinct requirements with different timing.  The credit counseling requirement must be completed prior to the bankruptcy filing in order for an individual to be eligible to file a bankruptcy Petition.  The financial management course must be completed "after filing the petition," 11 U.S.C. §727(a)(11), in order to be eligible to receive a discharge.

There are two problems with Debtor's Certification.  Debtor filed this bankruptcy Petition on November 18, 2005.  The Certification indicates that Debtor completed his financial management course on November 15, 2005, prior to the filing date.  The financial management course must be completed "after filing the petition."   11 U.S.C. §727(a)(11).  Further, Advantage Credit Counseling service indicates that they have only provided credit counseling service to the Debtors to satisfy the first educational requirement and have not provided the Debtors a financial management course to satisfy the second educational requirement.

It is therefore ORDERED that Debtor's Certification is stricken and it is FURTHER ORDERED that Debtors shall timely complete a course on financial management and file an

Amended Certification with evidence of completion of the course.

December 6, 2005

                   _____/s/_____
                   Warren W. Bentz
                   United States Bankruptcy Judge

c: J. Wesley Rowden, Esq.